FILED IN CHAMBERS
THOMAS W. THRASH JR.
U. S. D. C. Atlanta

JUL 6 2009

JAMES N. HATTEN, Clerk
By /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ANTHONY HICKS,<br>  Movant, | :: <br> :: <br> :: | MOTION TO VACATE<br>28 U.S.C. § 2255 |
| v. | :: <br> :: | CRIMINAL NO.<br>1:07-CR-0325-TWT-RGV-1 |
| UNITED STATES OF AMERICA,<br>  Respondent. | :: <br> :: <br> :: | CIVIL ACTION NO.<br>1:09-CV-1035-TWT |

## ORDER AND OPINION

This matter is now before the Court for consideration of Movant Anthony Hicks's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (Doc. 43), the Government's motion to dismiss (Doc. 49), Movant's traverse (Doc. 50), and Movant's motion to correct a clerical error in his traverse (Doc. 51).

### I. PROCEDURAL HISTORY

A federal grand jury indicted Movant for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). (Doc. 1). Movant pled guilty, pursuant to a negotiated plea agreement. (Doc. 32). The plea agreement provides that Movant "voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack sentence in any post-conviction proceeding on any ground, including a § 2255 proceeding,"

unless the government appeals his sentence or his custodial sentence is "greater than 180 months." (Id. at 5). Movant signed the plea agreement and a separate certification section, which states in relevant part:

> I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my sentence or challenging my sentence in a post-conviction proceeding. No one has threatened or forced me to plead guilty, and no promises or inducements have been made to me other than those discussed in the Plea Agreement.

(Id. at 7).

At the plea hearing, Movant was sworn in and confirmed that he had not had any alcohol or narcotic or prescription drugs within the past 24 hours. (Doc. 47 at 4-5). The Court explained to Movant the rights he was giving up in pleading guilty, and Movant stated that he understood and was willing to give up those rights. (Id. at 6-8). Movant acknowledged that he was not entering into the guilty plea under any threats or coercion, and that no other promises or inducements had been made to him other than those contained in the plea agreement. (Id. at 13-14). Movant confirmed that he had had enough time to talk with his counsel about his decision to plead guilty and was satisfied with counsel's representation. (Id. at 15). Movant understood that his offense carried a statutory maximum sentence of

2

life imprisonment and a mandatory minimum sentence of fifteen (15) years of imprisonment. (Id. at 17). The Court also discussed the Sentencing Guidelines with Movant and that the Guideline recommendation is only advisory. (Id. at 17-18). Next, Movant confirmed that he could not appeal his sentence unless the Court imposed a sentence greater that 180 months of imprisonment, and that he was waiving his right to appeal "freely and voluntarily." (Id. at 18-19). The Court explained that Movant could not later withdraw his plea, even if his sentence is greater than expected or the Court does not follow the recommendations in the plea agreement. (Id. at 19-20). The Government stated what the evidence would show if the case went to trial, and Movant agreed that he committed the crime charged in the indictment. (Id. at 20-23). The Court accepted Movant's guilty plea. (Id. at 23-24).

On July 1, 2008, this Court sentenced Movant to 162 months of imprisonment. (Doc. 40). This sentence is the statutory mandatory minimum under 18 U.S.C. § 924(e)(1), 180 months, less time Movant served in a state facility for a related conviction. (Doc. 48 at 12, 15-17). Movant did not file a direct appeal.

3

On April 16, 2009, Movant, proceeding pro se, filed the instant motion to vacate his sentence claiming that his 180-month sentence exceeded the statutory maximum sentence for his offense, in light of a recent amendment to the United States Sentencing Guidelines. (Doc. 43). The Government moves to dismiss this motion to vacate based on the valid sentence-appeal waiver. (Doc. 49). Movant does not dispute the validity of his sentence-appeal waiver, but contends that it does not apply because his sentence, due to the recent amendment, now exceeds the statutory maximum sentence for his offense. (Doc. 50).

## II. DISCUSSION

### A. General standards

A federal prisoner may file a motion to vacate his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). It is well-settled that "to obtain collateral relief, a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982).

4

An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). See Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991) (noting that, although prisoner seeking collateral relief is entitled to evidentiary hearing if relief is warranted by facts he alleges, which court must accept as true, hearing is not required if record conclusively demonstrates that no relief is warranted). Thus, no hearing is required where, as here, the case is ready for disposition.

**B.     Sentence-appeal waiver**

"It is well-settled that sentence-appeal waivers are valid if made knowingly and voluntarily." Williams v. United States, 396 F.3d 1340, 1341 (11th Cir.), cert. denied, 546 U.S. 902 (2005). "[F]or a sentence-appeal waiver to be enforceable, the government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the [plea] colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." Id. (Internal quotations omitted).

This Court finds that Movant voluntarily and intelligently waived his right to appeal his conviction and sentence and to pursue any other collateral post-

5

AO 72A
(Rev.8/82)

conviction relief. The only exception to this waiver is a sentence greater than 180 months of imprisonment. Movant's custodial sentence is only 162 months, and thus, the exception does not apply. Accordingly, Movant is barred from raising his claim that a recent amendment to the United States Sentencing Guidelines limits this Court's ability to impose the statutory mandatory minimum sentence required by 18 U.S.C. § 924(e)(1).

### III. CONCLUSION

For the foregoing reasons, this Court finds that the record conclusively demonstrates that Movant is not entitled to 28 U.S.C. § 2255 relief, and thus, no evidentiary hearing is required. See Diaz, 930 F.2d at 834. Accordingly, the Government's motion to dismiss (Doc. 49) is **GRANTED**, and Movant's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (Doc. 43) is **DENIED**.

Movant's motion to correct a clerical error in his traverse (Doc. 51) is **GRANTED**.

**IT IS SO ORDERED** this _2_ day of _July_, 2009.

_Thomas W. Thrash_
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)